**JUSTIN M. BAXTER**, Oregon State Bar ID Number 99217
justin@baxterlaw.com
8835 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225
Telephone (503) 297-9031
Facsimile (503) 291-9172

FILED '09 DEC 10 12:39 USDC-ORE

**KEITH D. KARNES**, Oregon State Bar ID Number 03352
kkarnes@olsendaines.com
Olsen, Olsen & Daines
1599 State St.
Salem, OR 97309-0829
Telephone (503) 362-9393
Facsimile (503) 362-1375

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MICHAEL T. PATTERSON, | Case No: 09-6346-AA |
| Plaintiff, | |
| v. | COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT |
| EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC., TRANS UNION, LLC., WACHOVIA EDUCATION FINANCE, INC., | DEMAND FOR JURY TRIAL |
| Defendants. | |

JURISDICTION

1. Jurisdiction of this Court arises under 15 U.S.C. § 1681(p).

2. This action arises out of Defendants' violations of the Fair Credit Reporting Act,

Page 1 COMPLAINT

15 U.S.C. § 1681 *et seq.* ("FCRA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff Michael T. Patterson is a natural person who resides in the City of Salem, State of Oregon, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) of the FCRA.

5. Defendants Experian Information Solutions ("Experian"), Equifax Information Services, LLC ("Equifax", and Trans Union, LLC ("Trans Union") are consumer reporting agencies as defined by 15 U.S.C. § 1681a(f).

6. Defendant Wachovia Education Finance, Inc. ("Wachovia") is a regular corporation operating from an address of 1100 White Rock Road Rancho Cordova, CA 95670 and is a furnisher of credit information.

## FACTUAL ALLEGATIONS

7. In March of 2008 the Federal Student Aid discharged Plaintiff's student educational loan, which is held by Defendant Wachovia, due to total and permanent disability of Plaintiff.

8. In 2008 and 2009 Defendant Wachovia reported false and derogatory information regarding Plaintiff's discharged loan to one or more of the national credit reporting agencies.

9. In 2008 Plaintiff wrote to Defendant Trans Union and Equifax to dispute the false information on his credit report. In 2009 Plaintiff wrote to Trans Union, Equifax and Experian to dispute the false information on his credit report.

10. On information and belief, Experian, Equifax and Trans Union communicated Plaintiff's dispute to Defendant Wachovia.

11. Defendant Wachovia failed to conduct a reasonable reinvestigation of the disputed account information, resulting in the false and derogatory information continuing to be reported in Plaintiffs' credit reports. Defendant Wachovia also failed to follow reasonable procedures to permanently block the reporting of false information.

12. Defendants Experian, Equifax and Trans Union continued to report the false information regarding Plaintiff's discharged student loan.

13. As a result of Defendants' actions, Plaintiff has suffered damages including, but not limited to, low credit scores, high interest payments, denials of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, invasion of privacy, and humiliation, and other damages in an amount to be determined by the jury in addition to statutory damages in an amount to be determined by the Court.

## TRIAL BY JURY

14. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

15 U.S.C. § 1681n.

(Wachovia)

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. Defendant Wachovia willfully failed to comply with the requirements of 15 U.S.C.

§ 1681s-2(b).

17. As a result of Defendant Wachovia's violations of the FCRA, plaintiff has suffered damages, including denials of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, invasion of privacy, and humiliation, and other damages in an amount to be determined by the jury in addition to statutory damages in an amount to be determined by the Court.

18. Plaintiff is entitled to attorney fees, pursuant to 15 U.S.C. § 1681n(a).

19. Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

## COUNT II.

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. § 1681o

### (Wachovia)

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. Defendant Wachovia negligently failed to comply with the requirements of 15 U.S.C. 1681s-2(b).

22. As a result of Defendant Wachovia's violations of the FCRA, plaintiff has suffered and continues to suffer damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, fear, distress, frustration, embarrassment, and humiliation, all to his damages in an amount to be determined by the jury in addition to statutory damages in an amount to be determined by the Court.

23. Plaintiff is entitled to attorney fees, pursuant to 15 U.S.C. § 1681o(a).

## COUNT III.

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681n.

(Equifax)

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. Defendant Equifax willfully failed to comply with the requirements of 15 U.S.C. § 1681g.

26. As a result of Defendant Equifax's violations of the FCRA, plaintiff has suffered damages, including denials of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, invasion of privacy, and humiliation, and other damages in an amount to be determined by the jury in addition to statutory damages in an amount to be determined by the Court.

27. Plaintiff is entitled to attorney fees, pursuant to 15 U.S.C. § 1681n(a).

28. Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

## COUNT IV.

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681o

(Equifax)

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Defendant Equifax negligently failed to comply with the requirements of 15 U.S.C. 1681g.

31. As a result of Defendant Equifax's violations of the FCRA, plaintiff has suffered and continues to suffer damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, fear, distress, frustration, embarrassment, and humiliation, all to his damages in an amount to be determined by the jury in addition to statutory damages in an amount to be determined by the Court.

32. Plaintiff is entitled to attorney fees, pursuant to 15 U.S.C. § 1681o(a).

## COUNT V.

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. § 1681n

(Experian, Equifax, Trans Union)

33. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

34. Experian, Equifax and Trans Union willfully failed to comply with the requirements imposed under the FCRA, including but not limited to:

a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. § 1681e(b); and,

b) failing to comply with the reinvestigation requirements in 15 U.S.C. § 1681i.

35. As a result of Experian, Equifax, and Trans Union's violations of the FCRA, Plaintiff has suffered and continues to suffer damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, fear, distress, frustration, embarrassment, and

humiliation, all to his damages in an amount to be determined by the jury in addition to statutory damages in an amount to be determined by the Court.

36. Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

## COUNT VI.

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. § 1681o

(Experian, Equifax, Trans Union)

37. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

38. Experian, Equifax and Trans Union negligently failed to comply with the requirements imposed under the FCRA, including but not limited to:

a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. § 1681e(b); and,

b) failing to comply with the reinvestigation requirements in 15 U.S.C. § 1681i.

39. As a result of Experian, Equifax, and Trans Union's violations of the FCRA, Plaintiff has suffered and continues to suffer damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, fear, distress, frustration, embarrassment, and humiliation, all to his damages in an amount to be determined by the jury.

40. Plaintiff is entitled to attorney fees, pursuant to 15 U.S.C. § 1681o(a).

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered against Defendant for:

VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

15 U.S.C. § 1681 *et seq.*

41. On Plaintiffs' First Claim for Relief for willful violations of the FCRA against Defendant Wachovia.

   a) Actual damages in an amount to be determined by the jury;

   b) Punitive damages in an amount to be determined by the jury; and,

   c) Attorney fees and costs.

42. On Plaintiffs' Second Claim for Relief for negligent violations of the FCRA against Defendant Wachovia.

   a) Actual damages in an amount to be determined by the jury; and,

   b) Attorney fees and costs.

43. On Plaintiff's Third Claim for Relief for willful violations of the FCRA against Defendant Equifax.

   a) Actual damages in an amount to be determined by the jury;

   b) Punitive damages in an amount to be determined by the jury; and,

   c) Attorney fees and costs.

44. On Plaintiffs' Fourth Claim for Relief for negligent violations of the FCRA against Defendant Equifax.

   a) Actual damages in an amount to be determined by the jury; and,

   b) Attorney fees and costs.

Page 8 COMPLAINT

45. On Plaintiff's Fifth Claim for Relief for willful violations of the FCRA against Defendants Equifax, Experian, and Trans Union.

a) Actual damages in an amount to be determined by the jury; and,

b) Punitive damages in an amount to be determined by the jury; and,

c) Attorney fees and costs.

46. On Plaintiff's Sixth Claim for Relief for negligent violations of the FCRA against Defendants Equifax, Experian, and Trans Union.

a) Actual damages in an amount to be determined by the jury; and,

b) Attorney fees and costs.

DATED: December 8, 2009

_____
**JUSTIN M. BAXTER**, OSB# 99217
Justin@baxterlaw.com
8835 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225
Telephone (503) 297-9031
Facsimile (503) 291-9172

**KEITH D. KARNES**, OSB# 03352
kkarnes@olsendaines.com
Olsen, Olsen & Daines
1599 State St.
Salem, OR 97309-0829
Telephone (503) 362-9393
Facsimile (503) 362-1375
Attorneys for Plaintiff